

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:EWS
F. # 2022R00576

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 4, 2024

<u>By ECF & E-Mail</u>

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Joseph Elias
                <u>Criminal Docket No. 22-317 (LDH)</u>

Dear Judge DeArcy Hall:

      In response to the defendant's supplemental sentencing submission, dated March 25, 2024, which alleges various issues related to his conditions of confinement at the Metropolitan Detention Center ("MDC-Brooklyn") (Def.'s Ltr., ECF No. 62), the government respectfully submits this letter to relay additional information obtained from MDC-Brooklyn personnel.[1]

      1.    <u>Housing in MDC-Brooklyn's Special Housing Unit</u>

      The defendant alleges that he has been isolated in MDC-Brooklyn's special housing unit ("SHU") for weeks.  (<u>Id.</u> at 1.)

      MDC-Brooklyn personnel have confirmed that the defendant is currently being housed in the facility's SHU because he has incurred several disciplinary infractions, including for the destruction of property, threatening officers, refusing to obey orders, interfering with security devices, and making sexual proposals.  The defendant's disciplinary records are attached hereto as Exhibit A.[2]

---

    [1]    The government was not made aware of any of the issues specified in the defendant's letter before it was filed.

    [2]    The government seeks leave to file the Exhibits attached to this submission under seal, all of which consist of the defendant's Bureau of Prisons ("BOP") records.

2. <u>Discontinuation of the Defendant's Suboxone Treatment</u>

The defendant alleges that his Suboxone treatment was "abruptly cut off." (Def.'s Ltr. at 1.)

MDC-Brooklyn personnel have advised that the defendant's Suboxone was never discontinued. Instead, the government has been advised that the defendant was caught hiding his daily Suboxone medication instead of placing it under his tongue, which prompted a warning that his Suboxone would be discontinued if the defendant repeated the conduct. Attached hereto as Exhibits B, C, and D are the defendant's medical records, which reflect that the defendant was observed attempting to divert his Suboxone treatment. (<u>See, e.g.</u>, Ex. B at 1–3.)

3. <u>Food Service</u>

The defendant alleges that he was served "maggot-infested food in the SHU, as well as food to which he is allergic, including fish, which is listed as an allergy in his medical records." (Def.'s Ltr. at 1.) Consequently, his attorneys report that they have asked MDC-Brooklyn to provide the defendant with Ensure to stem his weight loss. (<u>Id.</u> at 2.)

MDC-Brooklyn personnel have advised that on March 22, 2024, after receiving a complaint from the defendant about food he was served, Food Services conducted an inspection of all dried beans in its possession and identified one bag from a particular manufacturer that showed the presence of weevils, an insect associated with grain food products. As a result, MDC-Brooklyn disposed of all beans from that manufacturer. MDC-Brooklyn personnel have also advised that both its internal database and food roster list the defendant as being allergic to fish.[3] According to MDC-Brooklyn, the defendant has been provided with non-fish options when fish has been served. To date, the defendant has not submitted a complaint to MDC-Brooklyn's Food Services that he was served fish. As an institutional practice, MDC-Brooklyn only provides Ensure to inmates when it is deemed medically necessary. MDC-Brooklyn has concluded that it is not medically necessary in this case.

4. <u>Confiscation of the Defendant's Bible</u>

The defendant alleges that his Bible was taken from him for several days in recent weeks without cause. (Def.'s Ltr. at 2.)

MDC-Brooklyn personnel relayed that the defendant recently told staff that he intended to go on hunger strike. In accordance with institutional practice, MDC-Brooklyn placed the defendant in a new cell without his property or personal effects. The government understands that the purpose of this practice is to assess whether the defendant is truly engaged in a hunger strike (as opposed to secreting food in one's personal effects or obtaining food from a cellmate) so staff can respond appropriately and ensure the health and safety of the inmate, while respecting his or her right to exercise a hunger strike. Shortly after initiating a hunger strike, the defendant ended it and was returned to his cell, at which time the defendant's property

---

[3] The defendant's medical records also reflect that the defendant is allergic to fish.

was returned to him, including his Bible.  The government understands that the defendant was without his property for less than 48 hours.

     5.     <u>Medical and Psychiatric Care</u>

The defendant alleges that he has not been evaluated by a medical or psychiatric professional for at least a two-week period, despite his repeated requests for mental health support.  (Def.'s Ltr. at 2.)

The defendant's medical records reflect that he was evaluated by MDC-Brooklyn's Psychology Services on March 1, 2024, March 6, 2024, March 28, 2024, and April 3, 2024.  Based on the evaluation of the defendant's current mental health, Psychology Services has designated the defendant as CARE1-MH, which is the BOP's lowest mental health care level classification.

                    Respectfully submitted,

                    BREON PEACE
                    United States Attorney

         By:     /s/ Eric Silverberg
                    Eric Silverberg
                    Assistant U.S. Attorney
                    (718) 254-6365

cc:     Clerk of Court (LDH) (by ECF and E-mail)
        Counsel of Record (by ECF and E-mail)